UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICK CAHILL,

    Plaintiff,

v.   Case No.:

WESTCOAST COMMUNICATION
SERVICES, INC., and
RYAN REINHART, an individual,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PATRICK CAHILL ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WESTCOAST COMMUNICATION SERVICES, INC., and RYAN REINHART, in his individual capacity (collectively "Defendants"), and states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages, and for declaratory relief, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and state common law for unpaid wages.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant WESTCOAST COMMUNICATION SERVICES, INC. ("WESTCOAST COMMUNICATION") is a Florida corporation who operates business in the State of Florida, including Tampa.

6. Defendant RYAN REINHART ("REINHART") is the owner and operator of Defendant WESTCOAST.

7. Defendant REINHHART AND WESCOST COMMUNICATION conducts business in the State of Florida by operating a business in Tampa, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. Defendant REINHART is the owner of Defendant WESTCOAST COMMUNICATION.

13. Through the exercise of dominion and control over all employee-related matters at WESTCOAST COMMUNICATION, in his individual capacity, Defendant REINHART is an "employer" within the meaning of the FLSA.

14. As part of his regular job duties for Defendant, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce.

15. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

16. Defendants continue to be "employers" within the meaning of the FLSA.

17. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA.

18. At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

19. Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendant; he had no special or professional qualifications and skills for the explicit use of which he was employed by Defendant; and he had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

20. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

21. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendants.

## FACTS

22. Plaintiff worked for Defendant from on or around August 5, 2015 until he was forced to resign on or around January 7, 2022.

23. At all times material hereto, Plaintiff worked more than 40 hours per week and was not compensated in accordance with the FLSA for his overtime work. Plaintiff should have been compensated at the rate of one and one-half times his regular rates for those hours that Plaintiff worked in excess of 40 hours per week as required by the FLSA.

24. Defendants failed to pay Plaintiff all wages owed to Plaintiff, including his overtime premium for hours he worked in excess of 40 per week.

25. As a result of Defendants' failure to properly pay Plaintiff all of his hours worked, Plaintiff was denied overtime wages for all hours worked and failed to receive the appropriate wage under the applicable laws.

26. Plaintiff complained to Defendants about the unpaid wages he was owed, including overtime compensation.

27. Defendants retaliated against Plaintiff for his complaint by constructively terminating his employment for engaging in protected activity under the FLSA.

28. Defendant effectively paid Plaintiff less than he had earned. In engaging in these unconscionable acts or practices, the Defendants repeatedly violated the FLSA.

29. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of their employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

30. Defendants' actions were willful and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATIONS

31. Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as fully set forth herein.

32. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not properly compensated for all of these hours under the FLSA.

33. Defendants failed to compensate Plaintiff for all of the overtime hours that Plaintiff worked.

34. Plaintiff was employed by Defendants, and Defendants failed to pay Plaintiff for all of the overtime hours that he worked.

35. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages.

36. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

   a. Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiff at the applicable overtime rate;

   b. A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

   c. Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiff at the applicable overtime rate, as liquidated damages;

   d. Judgment against Defendants stating that its violations of the FLSA were willful;

   e. To the extent liquidated damages are not awarded, an award of prejudgment interest;

   f. All costs and attorney's fees incurred in prosecuting these claims; and

   g. For such further relief as this Court deems just and equitable.

## COUNT II – FLSA RETALIATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

39. Plaintiff engaged in protected activity under the FLSA by complaining to Defendants about his wages, including overtime compensation.

40. Defendants retaliated against Plaintiff for engaging in protected activity under the FLSA by ignoring his complaints, which led to constructive termination of Plaintiff's employment.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

42. Plaintiff was injured due to Defendants' violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

    a. A jury trial on all issues so triable;

    b. That process issue and that this Court take jurisdiction over the case;

    c. Judgment against Defendants, stating that Defendants retaliated against Plaintiff in violation of the FLSA;

    d. Compensation for lost wages, benefits, and other remuneration;

    e. Compensatory damages, including emotional distress, allowable at law; and

    f. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 19th day of August 2022.

                          Respectfully submitted,

                          */s/ Chad A. Justice*
                          **CHAD A. JUSTICE**
                          Florida Bar Number: 121559
                          **JUSTICE FOR JUSTICE LLC**
                          1205 N Franklin St
                          Suite 326
                          Tampa, Florida 33602
                          Direct No. 813-566-0550
                          Facsimile: 813-566-0770
                          E-mail: chad@getjusticeforjustice.com
                          **Attorney for Plaintiff**