# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PATRICK CAHILL,

    Plaintiff,

v.                                        Case No. 8:22-cv-1902-TPB-TGW

WESTCOAST COMMUNICATION
SERVICES, INC., and RYAN REINHART,
an individual

    Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Joint Motion for Approval of Settlement (Doc. 18) on the plaintiff's claims that the defendant failed to pay him overtime compensation and retaliated against him for complaining about his pay, in violation of the Fair Labor Standards Act (FLSA) (Doc. 1). The motion was referred to me.

The crux of the complaint is the plaintiff's allegation that he was misclassified as an exempt employee and, therefore, he was not compensated at the rate of one and one-half times his regular rate for hours worked in excess of 40 in a workweek, as required by FLSA (id., pp. 2-3). He requests unpaid overtime wage compensation, liquidated damages, costs

and attorney's fees for his overtime claim (id., p. 2). He also seeks compensatory damages for retaliation (id., p. 3).

The parties entered into a Settlement Agreement and Release in which the defendants agreed to pay a total of $15,000 to resolve this matter (Doc. 22-1). Specifically, the plaintiff agrees to accept $5,000 in compensatory damages and $5,000 in liquidated damages and non-wage damages (id., p. 4). The remainder is the attorney's fee and costs of $5,000 (id.). Notably, the parties state that "[t]he fee to be paid under this settlement to Plaintiff's counsel was negotiated separately from the amount to be paid to Plaintiff" (id., p. 8).

The parties "agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues" in this case (id., p. 3). Significantly, the parties participated in a mediation before Honorable Gregory P. Holder, retired judge and certified mediator, during which the parties reached this settlement (id., p. 2). The parties state that the "mediator believed th[is] settlement reached in mediation ... [i]s fair and reasonable" (id.).

Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the Court must review the parties' settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. Id. at 1355. The Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that the parties settled this

3

matter after negotiations which considered, among other things, the cost and time of continued litigation, and the uncertainty and risks associated with continued litigation (Doc. 18, pp. 2-7). Further, the parties have been represented by competent counsel throughout this litigation.

The parties specifically represent that "[t]here was no fraud or collusion behind the settlement" (id., p. 6). They elaborate (id.):

> Here, each party was independently represented by counsel with substantial experience litigating FLSA claims. Further, the settlement was negotiated with the assistance of Judge Gregory P. Holder acting as a mediator. As evidenced by the extensive court record in this case, counsel advocated on behalf of their respective clients vigorously.

The opinion of the mediator is, in particular, independent confirmation that the settlement was a well-informed decision and a fair resolution.

Additionally, counsel state that they "thoroughly evaluate[d] the merits of their respective claims and defenses," and opine that "[i]t is in the best interests of all Parties to settle, rather than litigate" (id., pp. 6, 7). Specifically, the defendants deny liability, asserting that the plaintiff acted in a managerial role and did not regularly work more than 40 hours a week (id., p. 4-5). Thus, in settling this matter, the plaintiff considered there was

a risk that he could receive nothing from this lawsuit (id., p. 6). On the other hand, the defendants also acknowledge the uncertainty of further litigation (id.). The parties agree that, in all events, continued litigation "would require both sides to incur significant additional costs and fees" (id.).

Additionally, the parties represent that "[t]he amounts recovered by the Plaintiff [are] imminently fair and reasonable. Plaintiff's counsel has spoken with Plaintiff and Plaintiff is pleased with the amount agree upon at mediation" (id., p. 7).

The plaintiff's recovery is comprised of two checks: a $5,000 check for compensatory damages, and a second $5,000 check that "represents liquidated and non-wage claims" (Doc. 22-1, p. 4). The entire second $5,000 check is properly considered liquidated damages because FLSA requires the payment of liquidated damages in an amount equal to compensatory damages. 29 U.S.C. § 216(b); see Nall v. Mal-Motels, Inc., 732 F.3d 1304, 1307 (11th Cir. 2013) ("A plaintiff cannot waive h[is] right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether []he is entitled to them."). Consequently, there is no compensation for settlement of the "non-wage claims," i.e., the retaliation claim. This unique circumstance prompted me to have a hearing, which I do not customarily do on agreed motions of this type.

5

At the hearing, the parties emphasized that the retaliation claim was neither the focus of the lawsuit and nor a factor in the amount of the proposed settlement. They agreed further that the retaliation claim was not viable, especially considering information that came to light during the discovery process.

Specifically, the plaintiff alleged that he was constructively discharged for complaining about FLSA violations. However, an email indicated that this claim was based on colleagues speaking badly about the plaintiff behind his back which is not, in itself, sufficient to meet the demanding standard for a retaliation claim. See Poole v. Country Club of Columbus, Inc., 129 F.3d 551, 553 (11th Cir. 1997) (constructive discharge occurs when a discriminatory employer imposes working conditions that are "so intolerable that a reasonable person in [the employee's] position would have been compelled to resign."); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1231 (11th Cir.2001) (The "threshold for establishing constructive discharge ... is quite high," higher than for proving a hostile work environment. ). Thus, based on this evidence, there could not have been any retaliation damages.

In sum, although the settlement does not include monetary damages for the retaliation claim, the parties maintain that this is an

6

appropriate resolution of the matter because the retaliation claim was not cognizable. Significantly, the mediator also believed this was a reasonable and fair resolution of the claims in this case. Most importantly, the plaintiff was present at the mediation, the parties represent that the plaintiff understood the terms of this Settlement Agreement and Release, and that the "[p]laintiff is pleased with the amount agree upon at mediation" (Doc. 18, p. 7).

Accordingly, I find the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. DeGraff v. SMA Behavioral Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

As to the attorneys' fees, the plaintiff did not provide time sheets detailing counsel's time, or the hourly rate. The absence of this information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement as I do not find the amount of the attorneys' fees to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329. In fact, plaintiff's counsel stated that the fee amount "is well below the reasonable rate charged based on the actual hours performed in this case" (Doc. 18, p.

4).

>Furthermore, courts in this district have generally agreed that:
>
>>if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060, at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib., Inc., 2011 WL 6002519, at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 18). Therefore, there is no reason to assume that the attorneys' fee has influenced the reasonableness of the plaintiff's settlement. Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228.

In sum, I find the terms of the settlement agreement are fair, just, and in accordance with FLSA. See Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1352-53. Consequently, I recommend that the

8

Joint Motion for Approval of Settlement (Doc. 18) be granted, and this case be dismissed with prejudice.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2023.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.